IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MARKUS DEWAYNE VINE, | § | |
| | § | |
| Movant, | § | |
| | § | |
| V. | § | NO. 3:23-CV-0577-M-BT |
| | § | (NO. 3:20-CR-0489-M) |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Respondent. | § | |

**MEMORANDUM OPINION AND ORDER**

Came on for consideration the motion of Markus Dewayne Vine under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody. The Court, having considered the motion, the response, the reply, the record, and applicable authorities, concludes that the motion must be **DENIED**.

**I.    BACKGROUND**

On October 6, 2020, Movant was named in a two-count indictment charging him in count one with carjacking, in violation of 18 U.S.C. § 2119(1), and in count two with possession and brandishing a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii). CR ECF No.[1] 1. Movant originally entered a plea of not guilty. CR ECF No. 12. He later signed a plea agreement, CR ECF No. 17, and a factual resume. CR ECF No. 19. The factual resume set forth the elements of each of the offenses charged in the indictment and the stipulated facts establishing that Movant had committed each of those offenses. *Id.* In particular, Movant "with the intent to cause death and serious bodily injury" did take a vehicle from another

---

[1] The "CR ECF No. __" reference is to the number of the item on the docket in the underlying criminal case, No. 3:20-CR-0489-M.

"by force and violence and by intimidation" and "knowingly brandished a firearm" during and in relation to the carjacking. *Id.* at 2–3. The plea agreement reflected that Movant understood the nature and elements of the crimes to which he was pleading guilty and agreed that the factual resume was true and would be submitted as evidence. CR ECF No. 17 at 1–2. In addition, Movant had thoroughly reviewed all legal and factual aspects of the case with his attorney and was fully satisfied with his representation. *Id.* at 7.

On May 25, 2021, Movant appeared for rearraignment. He testified under oath that: he had had a full opportunity to discuss his case with his counsel and he was satisfied with the representation and advice he had received from her; he understood the essential elements of each of the offenses charged (which were read aloud in court); he committed each of the essential elements; he had read, understood, and discussed the plea agreement with counsel before signing it; he understood the penalties he faced; he understood that he was waiving his right to appeal except in certain limited circumstances; he had read, understood, and discussed the factual resume with counsel before signing it; and, the facts stated in the factual resume were true and correct. CR ECF No. 52.

The Court sentenced Movant to terms of imprisonment of 84 months as to each count of the indictment, to run consecutively. CR ECF No. 41. Movant appealed although he had waived the right to do so. CR ECF No. 43. His counsel filed a motion pursuant to *Anders v. California*, 386 U.S. 738 (1967), which was granted, the United States Court of Appeals for the Fifth Circuit determining that the appeal presented no nonfrivolous issue for review. *United States v. Vine*, No. 22-10337, 2022 WL 1687541 (5th Cir. Nov. 10, 2022).

## II. GROUND OF THE MOTION

In his sole ground, Movant asserts that he received ineffective assistance of counsel because his attorney failed to inform him that in order to convict him of the offense charged in count two of the indictment the Government would have had to prove that the firearm was actively employed by Movant during the crime. ECF No.[2] 1 at PageID[3] 13.

## III. APPLICABLE LEGAL STANDARDS

### A. 28 U.S.C. § 2255

After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. *United States v. Frady*, 456 U.S. 152, 164-165 (1982); *United States v. Shaid*, 937 F.2d 228, 231-32 (5th Cir. 1991). A defendant can challenge his conviction or sentence after it is presumed final on issues of constitutional or jurisdictional magnitude only and may not raise an issue for the first time on collateral review without showing both "cause" for his procedural default and "actual prejudice" resulting from the errors. *Shaid*, 937 F.2d at 232.

Section 2255 does not offer recourse to all who suffer trial errors. It is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. *United States v. Capua,* 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981). In other words, a writ of habeas corpus will not be allowed to do service for an appeal. *Davis v. United States*, 417 U.S. 333, 345 (1974); *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). Further, if issues "are raised and

---

[2] The "ECF No. __" reference is to the number of the item on the docket in this civil action.
[3] The "PageID __" reference is to the page number assigned by the Court's electronic filing system as reflected at the top right portion of the page and is used because Movant has attached additional pages to the typewritten motion form.

considered on direct appeal, a defendant is thereafter precluded from urging the same issues in a later collateral attack." *Moore v. United States*, 598 F.2d 439, 441 (5th Cir. 1979) (citing *Buckelew v. United States*, 575 F.2d 515, 517-18 (5th Cir. 1978)).

  **B.** **Ineffective Assistance of Counsel**

  To prevail on an ineffective assistance of counsel claim, movant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *see also Missouri v. Frye*, 566 U.S. 133, 147 (2012). "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." *Strickland*, 466 U.S. at 697; *see also United States v. Stewart*, 207 F.3d 750, 751 (5th Cir. 2000). "The likelihood of a different result must be substantial, not just conceivable," *Harrington v. Richter*, 562 U.S. 86, 112 (2011), and a movant must prove that counsel's errors "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Cullen v. Pinholster*, 563 U.S. 170, 189 (2011) (quoting *Strickland*, 466 U.S. at 686). Judicial scrutiny of this type of claim must be highly deferential and the defendant must overcome a strong presumption that his counsel's conduct falls within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 689. Simply making conclusory allegations of deficient performance and prejudice is not sufficient to meet the *Strickland* test. *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000).

## IV.  ANALYSIS

As best the Court can tell, Movant contends that no one—not his attorney or the Court or the prosecutor—ever explained to him what the Government would have to prove to establish that Movant actively employed a firearm during the carjacking as charged in count two of the indictment. *See* ECF No. 1 at PageID 14; ECF No. 6 at 2. And, he appears to contend that his attorney had to have known that the Government could not prove this element of count two. *Id.* He seems to be of the opinion that because the gun he used was inoperable, he could not be convicted of the crime charged in count two. Thus, his plea was not knowing and voluntary.

The record could not be more clear:

> To prove the offense alleged in Count Two of the Indictment, charging a violation of 18 U.S.C. § 924(c)(1)(A)(ii), that is, brandishing a firearm during and in relation to a crime of violence, the government must prove each of the following elements beyond a reasonable doubt:
>
> First.  That the defendant committed the crime alleged in  Count One, which is a crime of violence; and
>
> Second.  That the defendant knowingly brandished a firearm during and in relation to the defendant's commission of the crime charged in Count One.

CR ECF No. 19 at 2. Movant signed the factual resume containing this language and he stipulated to the facts establishing that he had knowingly brandished a firearm during and in relation to his commission of the carjacking charged in count one of the indictment. *Id.* at 5. At rearraignment, he testified under oath that he had read, understood, and discussed the factual resume before he signed it and that the facts recited were true and correct. CR ECF No. 52 at 17–18. His plea agreement reflected that he understood the nature and elements of the crimes to which he was pleading guilty and agreed that the factual resume he signed was true and would be submitted as

5

evidence. CR ECF No. 17 at 1–2. He testified under oath at rearraignment that he had read, understood, and discussed the plea agreement with counsel before signing it and that he asked the Court to approve and accept it. CR ECF No. 52 at 11–12, 15.

Movant clearly understood the charges against him and the penalties he faced. The plea was not the result of force, threats, promises, or misrepresentations. *See United States v. Amaya*, 111 F.3d 386, 389 (5th Cir. 1997). Movant's solemn declarations in open court are entitled to a presumption of verity. *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). Likewise, his plea agreement and factual resume are entitled to that presumption. *United States v. Abreo*, 30 F.3d 29, 32 (5th Cir. 1994); *Hobbs v. Blackburn*, 752 F.2d 1079, 1081 (5th Cir. 1985). His guilty plea was knowing and voluntary and made with sufficient awareness of the relevant circumstances and likely consequences. *Bradshaw v. Stumpf*, 545 U.S. 175, 183 (2005).

Even if Movant could show that his plea was not voluntary, he could not show prejudice, as there is no reason to believe that he would have insisted on going to trial but for counsel's representations.[4] *Hill v. Lockhart*, 474 U.S. 52, 56 (1985). The Court "should not upset a plea solely because of *post hoc* assertions from a defendant about how he would have pleaded but for his attorney's deficiencies. Judges should instead look to contemporaneous evidence to substantiate a defendant's expressed preferences." *Lee v. United States*, 582 U.S. 357, 369 (2017). Movant has not cited to any contemporaneous evidence to support his position, probably because there is none. Movant's solemn declarations in open court establish his mindset at the time of the plea. *United States v. Valdez*, 973 F.3d 396, 405–06 (5th Cir. 2020).

---

[4] As the Government noted at sentencing, Movant could have been charged with three separate offenses under 18 U.S.C. § 924(c). CR ECF No. 53 at 20

Finally, the Court notes that the Supreme Court has said that "use" of a weapon means "active employment," which includes brandishing, among other acts. *Bousley v. United States*, 523 U.S. 614, 617 (1998) (quoting *United States v. Bailey*, 516 U.S. 137, 144, 148 (1995)). Thus, even if there was any confusion as to the language of the statute at issue, there is no question that Movant is guilty of the offense charged in count two. The inoperable status of the firearm did not prevent it from being used in connection with a crime of violence under 18 U.S.C. § 924(c). *United States v. Alcantar*, 733 F.3d 143, 148 n.7 (5th Cir. 2013); *United States v. Paulk*, 917 F.2d 879, 882 (5th Cir. 1990).

## V. CONCLUSION

For the reasons discussed herein, the Court **DENIES** the relief sought in the motion.

Further, pursuant to 28 U.S.C. § 2253(c), for the reasons discussed herein, a certificate of appealability is **DENIED**.

**SO ORDERED** on this **15th day** of **April, 2024**.

BARBARA M. G. LYNN
SENIOR UNITED STATES DISTRICT JUDGE